UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KELLY POOLE, ET AL                               CIVIL ACTION NO. 10-cv-0314

VERSUS                                           JUDGE HICKS

HOLOGIC, INC.                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Kelly and Benjamin Poole ("Plaintiffs") allege that two physicians with Christus Schumpert Hospital performed on Ms. Poole an endometrial ablation surgery that involved the use of a NovaSure machine manufactured by Hologic, Inc. Plaintiffs allege that the machine did not get a good seal, so the physicians telephoned a representative of Hologic for instructions. Ms. Poole's uterus was perforated during the procedure, which required an emergency hysterectomy on the young woman.

Plaintiffs filed a petition in state court against Hologic. They alleged that it was liable based on the Louisiana Product Liability Act and because its representative instructed the physicians to perform the procedure in a negligent manner.

Plaintiffs filed on the same day a medical malpractice complaint with the Louisiana Commissioner of Administration. They named as defendants the two physicians who performed the surgery, Christus Health System, and Hologic. A medical malpractice defendant may have a lawsuit dismissed as premature if it is a qualified healthcare provider and the plaintiff has not first exhausted her remedies under the medical malpractice

administrative system. Plaintiffs report that all of the named defendants, except Hologic, were determined to be qualified healthcare providers under Louisiana law.

Hologic removed this case based on diversity jurisdiction. Plaintiff has filed a **Motion to Remand or Alternatively For Stay (Doc. 17)**. Plaintiffs argue that the court should find there is not diversity because they intend to add the non-diverse physicians and hospital as defendants once the administrative proceedings are completed. Plaintiffs acknowledge that the undersigned has held in a very similar case that such a possible future destruction of diversity is not a proper ground for a remand. McQuiston v. Boston Scientific Corp., 2008 WL 104210 (W.D. La. 2008). Plaintiffs urge the court to reconsider that holding, but the court remains of the opinion that the result in McQuiston is correct.

Plaintiffs ask in the alternative that this case be stayed pending the conclusion of the medical review panel, after which the physician and hospital defendants can be joined so that the case may proceed (after remand to state court) with all likely defendants present. Defendants respond that a stay would deny them the opportunity to be quickly dismissed from this case based on their pending motion to dismiss that invokes a preemption defense. The briefing of that motion has been stayed pending the resolution of this motion. Defendants also express concern that a stay would deny them the opportunity to conduct discovery and explore the facts while they are fresh.

Both parties have done a good job of briefing the issues and expressing the competing concerns. After due consideration, the court finds that a stay is not the best exercise of the

court's discretion at this time. The case will be allowed to go forward so that Judge Hicks may address the pending motion to dismiss. If there are any claims remaining against Hologic after a ruling on the motion, the undersigned will hold a scheduling conference to discuss a schedule for discovery and related issues. The case may reach a point where, with an eye toward the status of the medical review process, a stay becomes appropriate. At this point, however, the case will be allowed to go forward.

Accordingly, the **Motion to Remand or in the Alternative For Stay (Doc. 17) is denied**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of May, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE